# 7217

NO 7217.

HERMAN LOEB

   VS

H. & C. NEWMAN & CO LTD.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS

O P I N I O N.
---------------

St. Paul, Judge.

This is an action for damage to certain bales of cotton stored by plaintiff with defendant under the rules of the New orleans Cotton Exchange.

The cotton was in the warehouse on September 29th, 1915, on which day the City was visitied by a tropical hurricane of unprecedented fury, accompanied by a tremendous rainfall.

The warehouse was unroofed and partly blown down, and the cotton therein contained thereby exposed to the aforesaid downpour. This# was known to defendant; also to plaintiff and to the Cotton Exchange.

Under the conditions, the defendants did what every other warehouse-man in the city of New Orleans did, to wit, protected the cotton as best they could, and as soon as they could; and when the rain ceased exposed it for six or seven days to sunshine and wind for the purpose of drying it; and when it appeared thoroughly dried they placed it back in storage. (See Stern p.2)

It seems however that the rain had penetrated deeper than defendant had reason to believe, in fact deeper than ever before "in the history of cotton", (Lorch p. 15), and the long sun and wind both given it, dried only the exterior part of the bales leaving a layer of moisture beneath; and from this mositure damage resulted.

Pretermitting the fact that the damage here claimed was due partly to stain (i.e. discoloration) caused in this instance by the mere fact of having been soaked, and that plaintiff has furnished no evidence on which we can seperate the damage from stain and that from rot, we may say that the sum and substance of plaintiff's complaint is that defendant should have unbaled the cotton for examination before again storing it, or in any event should have notified plaintiff.

8

In the first place, defendant did not know that plaintiff owned the cotton, since it was originally placed there by other parties under negotiable warehouse receipts, which plaintiff acquired; and again both plaintiff and the cotton exchange were well aware of the fact and nature of the hurricane and that the warehouse had been unroofed and partly blown down. (See p. 18)

In the next place this cotton was admittedly certified and stored under the rules of the Cotton Exchange, and all witnesses agree that under those rules the warehouseman was without t######### authority to unbale the cotton without the consent of the owner and of the Cotton Exchange. The rule in point (No. 21 Sec 5) Reads as follows;

"Any certificate issued under the provisions of this rule (as to grade) shal be invalid, and all liability of the exchange cease, if the cotton represented thereby be in any way handled, whether for sampling, examination or otherwise, except when done under the direction and supervision of the Inspector in Chief."

We are of opinion that under the circumstances of this case defendant did all that any prudent person was required to do for the preservation of the cotton, and was under no obligation to do more; that in any event it was without authority to ###### (unbale) the cotton without instructions from plaintiff and the Cotton Exchange.

The judgment appealed from is correct.

Judgment affirmed.